UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
JAHAIRA N.,

                        Plaintiff,        <u>DECISION AND ORDER</u>
                                              1:23-CV-07061-GRJ
     v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

      In January of 2021, Plaintiff Jahaira N.[1] applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications.  Plaintiff, represented by the Law Offices of Charles E. Binder and Harry J. Binder, LLP, Charles E. Binder, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7).

      This case was referred to the undersigned on September 10, 2024. Presently pending are the parties' requests for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

under Rule 12 (c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff is granted judgment on the pleadings and this matter is remanded for further administrative proceedings.

## I.  BACKGROUND

### A.  *Administrative Proceedings*

Plaintiff applied for benefits on January 20, 2021, alleging disability beginning January 3, 2019. (T at 78, 99, 275-86).[2] Plaintiff's applications were denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on February 7, 2022, before ALJ Sharda Singh. (T at 44-77). Plaintiff appeared with an attorney and testified. (T at 53-72). The ALJ also received testimony from Dawn Blythe, a vocational expert. (T at 72-75).

### B.  *ALJ's Decision*

On March 1, 2022, the ALJ issued a decision denying the applications for benefits. (T at 8-23).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since January 3, 2019 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2020 (the date last insured). (T at 13).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 8.

The ALJ concluded that Plaintiff's obesity; degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; and degenerative disease of the bilateral knees were severe impairments as defined under the Act. (T at 13).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 14).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: she needs a cane for ambulation and balance; she can never climb ladders, ropes, or scaffolds; she can occasionally climb ramps, stairs, balance, stoop, kneel, crouch, and crawl; and she must avoid hazards such as moving machinery. (T at 14).

The ALJ concluded that Plaintiff could perform her past relevant work as a collection clerk. (T at 17).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between January 3, 2019 (the alleged onset date) and March 1, 2022 (the date of the ALJ's decision). (T at 17-18).  On June 15, 2023,

the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-7).

C.   Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on August 10, 2023. (Docket No. 1).  On December 6, 2023, Plaintiff submitted a brief requesting judgment on the pleadings. (Docket No. 9).  The Commissioner interposed a brief requesting judgment on the pleadings, on January 2, 2024. (Docket No. 10).  On January 16, 2024, Plaintiff submitted a reply brief in further support of her request. (Docket No. 11).

## II.  APPLICABLE LAW

A.   Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See*

42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.   *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two main arguments in support of her request for reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed.  Second, she contends that the ALJ erred in discounting her subjective complaints.  The Court will address both arguments in turn.

### A.  *Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence.

7

The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2). The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)). The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more

relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Bryan Elzholz, a pain medicine specialist, completed an impairment questionnaire in October of 2020.  Dr. Elzholz had been treating Plaintiff since August of 2017. (T at 409).  He noted diagnoses of lumbosacral radiculopathy, spondylosis of the cervical region, and left knee pain. (T at 409).  Dr. Elzholz assessed moderate impairment with respect to Plaintiff ability to reach, grasp, and use her fingers/hand for fine manipulation. (T at 410).  He described Plaintiff's pain as constant, with a severity of 7 out of 10. (T at 412).

Dr. Elzholz opined that Plaintiff was limited to sitting, standing, and walking less than 1 hour in an 8-hour workday; believed she would not be able to sit continually in a work setting; and found her limited to occasionally lifting/carrying up to 10 pounds. (T at 413).  Dr. Elzholz believed Plaintiff's experience of pain, fatigue, or other symptoms would constantly interfere with her attention and concentration; that she could not perform even a "low stress" job; and that she was likely to be absent from

work more than 3 times per month due to her impairments or treatment. (T at 414). Dr. Elzholz also opined that Plaintiff could not perform pushing, pulling, kneeling, bending, or stooping. (T at 414-15).

Dr. Jaron Schaumberg, another treating physician, completed an impairment questionnaire in August of 2021. He diagnosed osteoarthritis and characterized Plaintiff's prognosis as guarded. (T at 635). Dr. Schaumberg assessed moderate impairment in Plaintiff's ability to grasp and marked impairment in her ability to reach. (T at 636). He reported that Plaintiff experiences daily pain with a severity of 8 out of 10. (T at 638).

Dr. Schaumberg opined that Plaintiff could sit for 1 hour in an 8-hour workday with elevated legs and stand/walk for less than 20 minutes in an 8-hour workday. (T at 638). He assessed that Plaintiff could occasionally lift/carry up to 5 pounds; that her experience of pain, fatigue, or other symptoms would frequently interfere with her attention and concentration; that she could not perform even a "low stress" job; and that she was likely to be absent from work more than 3 times per month due to her impairments or treatment. (T at 639-40).

In July of 2021, Dr. Michael Healy performed a consultative orthopedic examination. He diagnosed morbid obesity, hypertension, and bilateral knee pain from degenerative joint disease. (T at 619). Dr. Healy

10

opined that Plaintiff had "moderate to marked" limitations with respect to standing, walking, bending, lifting, and climbing stairs. (T at 619).

The ALJ found the opinions from Dr. Elholz and Dr. Schaumberg unpersuasive and considered Dr. Healy's assessment persuasive. (T at 16). For the following reasons, th Court finds that the ALJ's consideration of the medical opinion evidence was flawed and cannot be sustained even under the deferential standard of review applicable here.

The ALJ found the treating physicians' opinions inconsistent with and insufficiently supported by the treatment record (T at 16), but in so doing, the ALJ considered the treating physicians' assessments in isolation, failing to consider the significance of the opinions' consistency with each other. This was error. *See Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at *7 (D. Vt. July 14, 2020) ("[T]he ALJ should have considered that the opinions of Stephens and Dr. Lussier are consistent with each other."); *Malia Ann B. v. Comm'r of Soc. Sec.*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2838054, at *7 (N.D.N.Y. Feb. 23, 2023), *report and recommendation adopted*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2623865 (N.D.N.Y. Mar. 24, 2023)(collecting cases holding that "the ALJ is obligated to discuss the consistency of a medical opinion with the other evidence in the record, which necessarily includes other medical opinions").

In sum, the fact that both treating providers assessed more significant limitations than the ALJ the ALJ was obliged to consider and address the consistency of the opinions with each other, particularly given that (a) the ALJ found Plaintiff limited to a reduced range of sedentary work (T at 14); (b) the consultative examiner assessed moderate to marked limitations (T at 619); and (c) the record contains numerous significant clinical findings, including tenderness in the knees (T at 390, 450-451, 454, 497, 517, 520, 529, 533); tenderness of the spine (T at 390, 450-451, 454, 497, 505-506, 509-510, 513, 517, 520, 529, 533); limited range of motion in the spine (T at 450-451, 454, 497, 505-506, 509-510, 513, 517, 520, 529, 533); antalgic gait (T at 513, 517); and muscle spasms (T at 390, 513).

Moreover, the ALJ's error has significant implications regarding her assessment of Plaintiff's ability to sit for prolonged periods. Dr. Elzholz opined that Plaintiff was limited to sitting less than 1 hour in an 8-hour workday. (T at 413). Dr. Schaumberg believed Plaintiff could sit for 1 hour in an 8-hour workday with elevated legs. (T at 638). Dr. Healy assessed "moderate to marked" limitations with respect to Plaintiff's ability to stand, walk, bend, lift, and climb stairs, but did not render an opinion as to Plaintiff's capacity to sit. (T at 619).

Sedentary work typically involves significant sitting, generally for about 6 hours in an 8-hour workday.  *See Cassandra H. v. Comm'r of Soc. Sec.*, No. 6:20-CV-6776-EAW, 2022 WL 17037628, at *3 (W.D.N.Y. Nov. 17, 2022)(citing 20 C.F.R. § 416.967(a)).

 "[E]ven with ordinary breaks, "the claimant's ability to sit for a total of six hours is crucial for the sedentary work analysis." *Id.; see also* SSR 96-9P ("If an individual is unable to sit for a total of 6 hours in an 8-hour work day, the unskilled sedentary occupational base will be eroded.").

Here, the ALJ concluded that Plaintiff retained the RFC to perform a range of sedentary work (T at 14), but did not make a specific finding with respect to Plaintiff's ability to sit for prolonged periods and offered no explanation as to how she reached the (implicit) conclusion that Plaintiff could sit for up to 6 hours in an 8-hour workday, despite significant evidence to the contrary.

It is well-settled that before determining a claimant's RFC based on exertional levels (sedentary, light, medium, heavy, or very heavy), the ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a *function-by-function basis*." *Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013) (emphasis added)

(internal quotation marks omitted); *see also* 20 C.F.R. §§ 404.1545, 416.945.

The work-related functions include physical abilities (standing, sitting, walking, lifting, carrying, pushing, pulling), mental abilities (understanding, remembering, carrying out instructions, and responding to supervision), and other abilities that may be impacted by impairments (seeing, hearing, ability to tolerate environmental factors). *See* SSR 96-8P; *see also* 20 C.F.R. § 404.1545(b)-(d); id. § 416.945; *Cichocki*, 729 F.3d at 176.

Although the Second Circuit has not applied a per se rule requiring remand in cases where, as here, the ALJ did not provide an explicit function-by-function analysis— *see Cichocki*, 729 F.3d at 176; *compare Burrows v. Barnhart*, No. 3:03CV342, 2007 WL 708627, at *13 (D. Conn. Feb. 20, 2007)("[a]lthough a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce [ ] a detailed statement in writing"), *with McMullen v. Astrue*, No. 5:05-cv-1484, 2008 WL 3884359, at *6 (N.D.N.Y. Aug. 18, 2008) (remanding because "the ALJ erred in determining that Plaintiff could do light work before fully assessing his work-related abilities on a function-by-function basis")— "remand may be appropriate ... where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or

14

where other inadequacies in the ALJ's analysis frustrate meaningful review." *Cichocki*, 729 F.3d at 177.

Here, the ALJ failed to explicitly assess Plaintiff's capacity to sit for prolonged periods despite evidence in the record (including assessments from two treating physicians) that she could not meet the sitting demands of sedentary work. A remand is, therefore, necessary. *See Gomez v. Saul*, No. 1:19-CV-04708 (ALC), 2021 WL 1172674, at *13 (S.D.N.Y. Mar. 29, 2021); *see also Steven C. v. Comm'r.*, No. 6:20-CV-06596 EAW, 2022 WL 855000, at *6 (W.D.N.Y. Mar. 22, 2022)(finding that "moderate to severe limitations for standing and walking which, coupled with the sitting limitation, are not consistent with an RFC requiring plaintiff to perform sedentary work")(collecting cases).

    B.    *Subjective Complaints*

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49

(2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec*., 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's credibility.  First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No.

13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's credibility, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff testified as follows: she cannot work because of problems standing and walking, swelling in her legs, and loss of balance. (T at 53-54). She sits with her legs elevated and spends most of her time seated in a recliner due to pain and swelling. (T at 54-55). She can only stand for 10 minutes at a time and cannot walk one block without stopping to rest. (T at 57). Neck pain prevents her from turning her head fully to the left or right. (T at 59). Back pain radiates down into her legs and neck pain radiates into her arms. (T at 59). Spinal injections only relieve her pain for two to three days. (T at 61). She does not go out alone and is accompanied by a home attendant, her son, or her daughter (T at 65). Her home attendant and daughter help with household chores (T at 68-69).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. (T at 15). In particular, the ALJ found Plaintiff's subjective complaints inconsistent with the objective medical record. (T at 15).

The ALJ's assessment of Plaintiff's subjective complaints, however, is necessarily undermined by the errors in addressing the treating physicians' opinions, which provide significant objective support for those complaints.

As such, Plaintiff's subjective complaints will need to be reevaluated on remand after the treating physicians' opinions have been properly assessed.

C.   Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

For the reasons outlined above, the Court concludes that the ALJ's decision cannot be sustained and must be revisited on remand for a proper consideration of the medical opinion evidence, a function-by-function assessment of Plaintiff's RFC, and reconsideration of Plaintiff's subjective complaints.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff is GRANTED Judgment on the Pleadings, and this matter is REMANDED for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.

Dated: September 15, 2024                    *s/Gary R. Jones*
                                             GARY R. JONES
                                             United States Magistrate Judge